UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-01667-AH-(PDx) | Date | April 9, 2026 |
|---|---|---|---|

Title   *Cirila Garcia v. McBride Research Laboratories, Inc.*

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide

whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004).

The Court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). In the Notice of Removal, Defendant states, in relevant part, that:

> Plaintiff's Complaint alleges $10,000 in statutory damages plus additional "compensation in an amount to be determined at trial" plus punitive damages . . . . Moreover, through informal discussions between counsel for the parties, Plaintiff alleged that there were numerous additional statutory violations related to that it believes occurred when Plaintiff visited Defendant's website, each of which Plaintiff claims would warrant an additional $5,000 per claim, and provided certain documentation regarding the same . . . . These additional alleged violations exceed $75,000 in alleged statutory damages alone.

Notice of Removal ("NOR"), Dkt. No. 1, at 2. To the extent Defendant relies on the "additional compensation" or punitive damages to meet the jurisdictional amount, Defendant does not provide any support for such calculation. To the extent Defendant relies on Plaintiff's alleged reference to "numerous additional statutory violations" in settlement discussions, Defendant has failed to submit any evidence of such allegations, and in any case, the Complaint expressly places into controversy only $10,000 in statutory damages. *See* Dkt. No. 1-1 ¶¶ 46, 57.

Accordingly, the parties are **ORDERED TO SHOW CAUSE**, in writing, within **fourteen (14) days** of the entry of this Order, why this action should not be remanded for lack of subject matter jurisdiction. Responses shall be limited to ten (10) pages in length. As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

**IT IS SO ORDERED.**